NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KERN OIL & REFINING CO., | No.   19-71290 |
| Petitioner, | Environmental Protection Agency |
| v. | ORDER |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent. | |

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted March 9, 2021
San Francisco, California

Before:  McKEOWN, IKUTA, and BRESS, Circuit Judges.

Kern Oil & Refining Co. (Kern) seeks review of an Environmental Protection Agency (EPA) decision granting Kern's 2017 petition for a small refinery exemption under the Renewable Fuel Standard program.  *See* 42 U.S.C. § 7545(o)(9).  EPA acknowledges that a remand is necessary because the agency failed to provide an explanation for its remedy decision.  We therefore order as follows:

1.     The matter is remanded to the EPA to determine the appropriate remedy for Kern and to provide an explanation for that remedy.

2.     Given the prior delays in this matter, which include EPA previously failing to meet the 90-day deadline for acting on Kern's hardship petition, *see id.* § 7545(o)(9)(B)(iii), we instruct EPA to proceed expeditiously on remand and to issue a new decision within 90 days of this order.  EPA has not demonstrated a need to await the Supreme Court's forthcoming decision in *Renewable Fuels Association v. EPA*, 948 F.3d 1206 (10th Cir. 2020), *cert. granted sub nom HollyFrontier Cheyenne v. Renewable Fuels Association*, --- S. Ct. ----, 2021 WL 77244 (2021) (No. 20-472), which presents different issues.

3.     In the absence of a reasoned decision from EPA on Kern's remedy, we decline Kern's request to order the EPA to provide Kern a specific remedy.  *See Sierra Club v. EPA*, 346 F.3d 955, 963 (9th Cir. 2003) (explaining that "the normal course of action when the record fails to support an agency's decision 'is to remand to the agency for additional investigation or explanation'" (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).  The remedy question is properly left to the agency in the first instance.  We trust, however, that the agency will give due consideration to Kern's arguments on remand.[1]

**PETITION GRANTED; REMANDED.**

---

[1] Kern's motion to complete or supplement the record, or alternatively for judicial notice, Dkt. 62, is denied.